UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FRANK NOVELLI, JR., *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. H-11-2690 |
| | § | |
| ALLSTATE TEXAS LLOYD'S, *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Pending before the Court is Plaintiffs Frank Novelli, Jr. and Courtney Novelli's motion to remand this case to state court. Doc. 17. Plaintiffs allege that the Court lacks subject matter jurisdiction over this case under 28 U.S.C. § 1332, which requires complete diversity of citizenship between plaintiffs and defendants because Defendant Clinton Storm is a citizen of Texas. Defendant Allstate Texas Lloyd's ("Allstate") has filed a response alleging that Plaintiffs fraudulently joined Storm and therefore that the Court retains jurisdiction over the case. Doc. 15.

Also pending before the Court is Allstate and Storm's Rule 12(b)(6) motion to dismiss Plaintiffs' original petition for failure to state a claim that satisfies the pleading requirements of Rules 8 and 9(b). Doc. 4.

Having considered the pending motions, the facts of this case, and the applicable law, the Court finds that Storm is joined improperly in this case and should be dismissed. Because no non-diverse Defendants remain in the case, Plaintiffs' motion to remand is denied. Because the Court finds that Plaintiffs' original petition fails adequately to state a claim, Defendants' motion to dismiss is granted and Plaintiffs are granted leave to file an amended complaint that satisfies the requirements of Rule 8 and 9(b).

Background

In their original petition, Plaintiffs allege that they are homeowners who obtained an insurance policy from Defendant Allstate Texas Lloyd's. Doc. 1-2 at 5. Plaintiffs state that on September 12 and 13, 2008, their house was damaged during Hurricane Ike. *Id.* Specifically, Plaintiffs contend that their "roof sustained extensive damage during the storm. Water intrusion through the roof caused significant damage throughout the entire home and garage including, but not limited to, the ceilings, walls, insulation, and flooring. Plaintiffs' home also sustained substantial structural and exterior damage during the storm, as well as damage to the fence." *Id.* at 5-6.

After Hurricane Ike, Plaintiffs submitted claims for property damage to Allstate. *Id.* at 6. Plaintiffs allege that "Allstate assigned Defendant Pilot[1] to oversee the claims adjustment process. Pilot was the adjusting company that Allstate exclusively used to adjust all of the Hurricane Ike claims filed by policyholders in Texas at the time of Hurricane Ike." *Id.* Pilot then assigned Storm as the individual adjuster on behalf of Allstate. Plaintiffs allege that Allstate required adjusters to represent themselves as Allstate employees. "Allstate instructed Pilot adjusters to wear only Allstate logos on their persons and vehicles when inspecting and adjusting Ike claims and meeting with Allstate policy holders." *Id.*

Plaintiffs claim that Storm "was improperly trained and inadequate to perform a thorough inspection of hurricane damages" and that he "conducted a substandard inspection of Plaintiffs' Property." *Id.* at 7. Further, Plaintiffs allege that Storm failed to include in his report "all of Plaintiffs' Hurricane Ike damages [that he] noted upon [his] inspection" and that "the damages that Storm actually included in his report were grossly undervalued." *Id.*

Plaintiffs filed their original petition in the 281st District Court for Harris County on June

---

[1] Pilot Catastrophe Services, Inc. ("Pilot").

11, 2011. *Id.* In that petition, Plaintiffs asserted claims against Storm, Pilot, and Allstate under the Texas Insurance Code for unfair settlement practices; against Allstate under the Texas Insurance Code for failure promptly to pay claims, breach of contract, and breach of the common law duty of good faith and fair dealing; and against all Defendants for fraud and conspiracy to commit fraud. *Id.* at 12-18.

<u>Standard of Review for Improper Joinder</u>

Federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a); *Addo v. Globe Life and Accident Ins. Co.*, 230 F.3d 759, 761 (5th Cir. 2000). "Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Property Co. v. Roche*, 546 U.S. 81, 84 (2005). Where federal diversity jurisdiction exists, a defendant may remove an action from a State court "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The removing party bears the burden of establishing federal jurisdiction. *Allen v. R & H Oil and Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1996); *Laughlin v. Prudential Ins. Co.*, 882 F.2d 187, 190 (5th Cir. 1989).

After removal, a plaintiff may move for remand and, if "it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal statutes are construed "strictly against removal and for remand." *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941). All "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

Once a motion to remand has been filed, the burden is on the removing party to establish that federal jurisdiction exists. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). All factual allegations are evaluated in the light most favorable to the plaintiff. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005).

A removing party can establish federal jurisdiction on the basis of 28 U.S.C. § 1332 by demonstrating that in-state defendants have been "improperly joined." *See Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). To establish improper joinder, a removing party must show either "'(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Id.* (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003). The Fifth Circuit has made it clear that "the test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* A court may determine a plaintiff's possibility of recovery by conducting "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.*

Standard of Review for Motion to Dismiss

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b) (6). In *Bell Atlantic Corp. v. Twombly,*550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that

the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570; *see also Elsensohn v. St. Tammany Parish Sheriff's Office,* 530 F.3d 368, 372 (5th Cir. 2008). Under Rule 8(a)(2), plaintiffs are not required to include "'detailed factual allegations,' but more than 'an unadorned, the-defendant-unlawfully-harmed-me accusation' is needed." *Id.* (quoting *Twombly,* 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly,* 550 U.S. at 556).

Allegations of fraud, however, must meet the stricter standards of Federal Rule of Civil Procedure 9(b). Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The particularity required for such pleading, however, varies from case to case. *See Benchmark Elec., Inc. v. J.M. Huber Corp.,* 343 F.3d 719, 724 (5th Cir. 2003), *modified on other grounds*, 355 F.3d 356 (5th Cir.2003). The Fifth Circuit has reasoned that "[a]t a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Benchmark Elecs.*, 343 F.3d at 724.

More precisely, Rule 9(b)'s particularity requirement compels that "the who, what, when, where, and how [ ] be laid out." *Benchmark Elecs.*, 343 F.3d at 724. "Claims alleging violations of the Texas Insurance Code and the DTPA and those asserting fraud, fraudulent inducement, fraudulent concealment, and negligent misrepresentation are subject to [Rule 9(b)'s]

requirements." *Frith v. Guardian Life Ins. Co. of Am.*, 9 F.Supp.2d 734, 742 (S.D.Tex. 1998); *see also Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001) (noting that "Rule 9(b) applies by its plain language to all averments of fraud, whether they are part of a claim of fraud or not.").

<u>Motion to Remand</u>

In their motion to remand, Plaintiffs argue that the Court lacks subject matter jurisdiction because Storm is a proper party to this action and therefore that the parties are not completely diverse. Doc. 7. Defendants respond that Plaintiffs improperly joined Storm to defeat diversity. Doc. 15.

The question here is whether "there is no reasonable basis for the district court to predict that the plaintiff[s] might be able to recover against" Storm, the in-state defendant. *Smallwood*, 385 F.3d at 573. Defendants urge that Plaintiffs cannot recover from Storm because they have not "set forth any *actionable* facts linking their claims to the conduct of the non-diverse Adjuster Defendant." Doc. 15 at 2. Plaintiffs respond that "it is reasonably possible, if not likely, that Plaintiffs will recover against Defendant Storm" because of his individual liability under the Texas Insurance Code. Doc. 17 at 4.

While Plaintiffs are correct that specific and individualized factual allegations against an adjuster can give rise to individual liability, their complaint fails to meet this standard. Although Plaintiffs allege a course of wrongful conduct on the part of Defendant Storm, their allegations against him are, at their essence, allegations of wrongful conduct committed by Defendants Allstate and Pilot through Storm. Indeed, Plaintiffs do not distinguish between Storm's allegedly wrongful acts and those of the corporate Defendants. Plaintiffs claim that

> "Defendants Allstate, Pilot, and Storm misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy. . . .

Defendants Allstate, Pilot, and Storm failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. . . .

Defendants Allstate, Pilot, and Storm failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement. . . .

Defendants Allstate, Pilot, and Storm did not communicate that any future settlements or payments would be forthcoming to pay for the entre losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. . . .

Defendants Allstate, Pilot, and Storm failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. . . .

Defendants Allstate, Pilot, and Storm refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendants Allstate, Pilot, and Storm failed to conduct a reasonable investigation. . . .

Defendants Allstate, Pilot, and Storm knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs."

Doc. 1-2 at 9-11.

This Court previously has stated that when an adjuster's actions "can be accomplished by [the insurer] through an agent" and when the claims against the adjuster are identical to those against the insurer, the adjuster's actions "are indistinguishable from [the insurer's] actions" and hence are insufficient to support a claim against the adjuster. *Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co.*, 2011 WL 240335, *14 (S.D.Tex. Jan. 20, 2011).

Here, because the Plaintiffs' claims against Storm are identical to his claims against the corporate Defendants, he fails adequately to state a claim against Storm. For that reason, Storm is improperly joined in this action and Plaintiffs' motion to remand is denied.

<u>Motions to Dismiss</u>

Defendants have moved to dismiss on the grounds that Plaintiffs' original petition fails to satisfy the pleading requirements of Rules 8 and 9(b). Plaintiffs' original petition contains a "Facts" section in which Plaintiffs contend that, as a result of Hurricane Ike, their "roof sustained extensive damage. . . . Water intrusion through the roof caused significant damage throughout the entire home and garage including, but not limited to, the ceilings, walls, insulation, and

flooring. Plaintiffs' home also sustained substantial structural and exterior damage during the storm, as well as damage to the fence." Doc. 1-2 at 5-6.

Plaintiffs further assert the following: that it submitted a claim to Allstate, that Allstate assigned Pilot to adjust the claim, that either Allstate, Pilot, or both assigned Storm as the adjuster to the claim, that Storm "conducted a substandard inspection of Plaintiffs' Property," that the subsequent valuation report produced by Storm "failed to include all of Plaintiff Hurricane Ike damages noted upon inspection" and that the damages that were included were "grossly undervalued," and that as a result of the report, Defendants underpaid Plaintiffs for their damages. Doc. 1-2 at 6-7.

Taking these allegations as true, the Court finds that such factual allegations fail to put Defendants on notice of Plaintiffs' claims and the grounds on which they rest. Plaintiffs do not identify the particular damages which Storm omitted from his report, nor do they state either the true value of their damages and the extent to which Defendants underpaid on such damages. Nor do Plaintiffs identify the manner in which Defendants attempted to effectuate the allegedly "unfair" settlement at the basis of this action. Because they have failed to include such details, Plaintiffs have failed to state a claim under the standards of Rule 8. Accordingly, the Defendants' motion to dismiss the Plaintiffs' claims for failure to comply with Rule 8 is granted.

Defendants also contend that Plaintiffs' claims of common law fraud or misrepresentation and for violations of the Texas Insurance Code are insufficient to satisfy Rule 9(b)'s particularity requirement. In their original petition, Plaintiffs' allegations under these provisions are in the general form of claims that Defendants "misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence," (Doc. 1-2 at 9) and that "Defendants . . . knowingly or recklessly

made false representations . . . as to material facts and/or knowingly concealed all or part of material information from Plaintiff." *Id.* at 9. Such conclusory allegations fail to state "the who, what, when, where and how" relative to the defendants' alleged fraudulent representations or concealed material facts. *See Benchmark Elecs.*, 343 F.3d at 724. Therefore, the Court grants Defendants' motion to dismiss Plaintiffs' claims of fraud, conspiracy to commit fraud, and claims under the Texas Insurance Code for failure to comply with Rule (9)(b)'s pleading requirements Nevertheless, the Court grants Plaintiffs leave to amend their complaint to include factual allegations that satisfy the requirements of Rule 8 and, with regard to their claims asserting fraud, conspiracy to commit fraud, and violations of the Texas Insurance Code, the particularity requirements of Rule 9(b).

Conclusion

Based on the foregoing, the Court hereby

**ORDERS** that the Plaintiffs' motion to remand (Doc. 7) is **DENIED** and Defendant Storm is dismissed from this case. Further, the Court

**ORDERS** that Defendant Allstate's motion to dismiss (Doc. 4) is **GRANTED**. The Court nevertheless grants Plaintiffs leave to amend their complaint to satisfy the pleading requirements of Rules 8 and 9(b).

SIGNED at Houston, Texas, this 19th day of March, 2012.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE